**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| **LARRY GONZALEZ,**                  | * |                          |
|                                      | * |                          |
| **Plaintiff,**                       | * |                          |
|                                      | * |                          |
| **v.**                               | * | **Case No.: GJH-20-0137**|
|                                      | * |                          |
| **UNITED STATES OF AMERICA,** *et al.,* | * |                       |
|                                      | * |                          |
| **Defendants.**                      | * |                          |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In this action, Plaintiff Larry Gonzalez seeks damages for injuries he sustained during a car accident involving multiple cars that occurred while he was being transported by the United States Marshal Service ("U.S. Marshals"). Gonzalez asserts a negligence claim against the United States of America (the "Government") pursuant to the Federal Torts Claims Act ("FTCA"). Now pending before the Court is the Government's Motion to Dismiss Gonzalez's FTCA claim for lack of subject-matter jurisdiction. ECF No. 21-1. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, the Government's Motion to Dismiss is granted.[1]

---

[1] Also pending is Gonzalez's Consent Motion for Leave to Amend, ECF No. 30-1, the Government's Consent Motion for Extension of Time, ECF No. 12, and Gonzalez's Motion for Extension of Time, ECF No. 22, which are granted.

## I.      BACKGROUND[2]

On January 21, 2017,[3] the U.S. Marshal Service was transporting Gonzalez between detention facilities when their vehicle was struck from behind on Route 270 near Frederick, Maryland. ECF No. 30-1 ¶ 9.[4] The accident was caused by the negligence of Defendant Tyrone Henderson "who failed to pay full time and attention while driving." *Id*. Henderson was acting within the scope of his employment with Defendants Hobbs Trucking, Inc., and J&J Motoring, Inc., at the time of the accident. *Id.* Plaintiff had not been secured in his seat with a seatbelt by the Marshals. *Id*. Gonzalez suffered injuries to his neck, back, head, and legs. *Id.* ¶ 10. He also experienced pain and numbness around his body and sought medical treatment for his injuries. *Id*. Gonzalez asserts that his injuries may be permanent. *Id.* He filed an administrative claim on or around November 5, 2018. *Id.* ¶ 11.[5]

On January 16, 2020, Gonzalez filed the original Complaint, alleging a negligence claim against the Government pursuant to the FTCA, 28 U.S.C. § 1346(b). ECF No. 1. He asked for $200,000 in compensatory damages plus attorney's fees. *Id.* at 3. The Government filed a response on July 13, 2020, acknowledging that it is the proper defendant under the FTCA, ECF No. 7 ¶ 2, but alleging that Gonzalez's injuries were "caused solely by the acts or omissions of

---

[2] Unless stated otherwise, the facts relied on herein are taken from the Third Amended Complaint, ECF No. 30-1, and presumed true.

[3] Plaintiff refers to the date of the accident as "July 21, 2017" in subsequent paragraphs. *See* ECF No. 30-1 ¶ 13. Adding to the confusion, the Government sometimes refers to the date as "February 21, 2017." *See* ECF No. 21-1 at 2.

[4] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[5] The Government supplements that Gonzalez initially filed his administrative claim with United States Immigration and Customs Enforcement, which forwarded the claim to the U.S. Marshal Service on April 11, 2019. ECF No. 7 ¶ 8.

other parties" and that its agents had "acted with due care and diligence at all relevant times." *Id.* at 3.

On October 15, 2020, with leave from the Court, Gonzalez filed an Amended Complaint. ECF No. 10. The Amended Complaint added additional claims of negligence against Henderson and Defendant Kate Allison. *Id.* ¶ 6. On January 26, 2021, with leave from the Court, Gonzalez filed a Second Amended Complaint. ECF No. 19. Gonzalez removed Allison as a defendant and added Hobbs Trucking, Inc., as another defendant, alleging that it is responsible for its employee, Henderson, under a theory of respondeat superior. *Id.* ¶ 18.

On February 10, 2021, the Government filed a Motion to Dismiss Gonzalez's FTCA claim for lack of subject-matter jurisdiction. ECF No. 21-1. On February 22, 2021, Gonzalez responded to the Government's Motion, ECF No. 23, and the Government filed a reply on March 8, 2021, ECF No. 26. Gonzalez filed a response to the reply on March 11, 2021. ECF No. 27.

On August 10, 2021, Gonzalez asked this Court for leave to file a Third Amended Complaint, which adds J&J Motoring, Inc., as a Defendant also liable for Defendant Henderson's negligence under a theory of respondeat superior. ECF No. 30-1 ¶ 19.[6]

## II.    STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citation omitted). Once a challenge is made to subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the Court has subject-matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *see also Ferdinand-Davenport v. Children's*

---

[6] Gonzalez's Third Amended Complaint does not allege any new facts regarding his FTCA claim, which is the subject of this Motion. *See* ECF No. 30-1.

*Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). The court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citation omitted). In a 12(b)(1) motion, the court may consider evidence outside the pleadings to help determine whether it has jurisdiction over the case before it without converting the motion to one for summary judgment, *see id.*, but the court "must presume that the factual allegations in the complaint are true[,]" *Cash v. United States*, No. 12-cv-0563-WDQ, 2012 WL 6201123, at *3 (D. Md. Dec. 11, 2012) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)).

## III.    DISCUSSION

Gonzalez alleges a claim against the Government pursuant to the FTCA, which confers jurisdiction on the district courts to hear claims "for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA thus serves as a "limited waiver" of the United States' sovereign immunity. *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). Waivers of sovereign immunity are strictly construed, and it is a plaintiff's burden to show that an "unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." *Id.* (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

The Government has moved to dismiss Plaintiff's FTCA claim for lack of subject-matter jurisdiction on several grounds. First, the Government claims that an individual would not be held liable for the same conduct under Maryland law, so Gonzalez's claim is not cognizable

under the FTCA. ECF No. 21-1 at 5. However, because public official immunity applies, the

Court need not determine whether the claim is cognizable under Maryland law. Additionally, the

Government correctly asserts that the claim is barred under the "due care" exception of the

FTCA. *Id*. at 7. Thus, as discussed below, the Court grants the Government's Motion to Dismiss.

### A. Public Official Immunity

This Court need not reach the issue of whether an individual may be held liable under

Maryland law for transporting a passenger without a seatbelt because the officers who

transported Gonzalez are entitled to "public official immunity" for claims of negligence, and

thus, Gonzalez has no claim pursuant to the FTCA.

The United States "is entitled to avail itself of any defenses its agents could raise in their

individual capacities[,]" including state law defenses provided to law enforcement officers.

*Medina v. United States,* 259 F.3d 220, 225 n.2 (citing *Norton v. United States*, 581 F.2d 390,

395 (4th Cir. 1978))**.** This Court has previously noted that, for a *negligence* claim, "[i]n

Maryland, 'a law enforcement officer is not liable for ... tortious conduct performed during the

course of his official duties unless he acted with actual malice toward the plaintiff.'" *Jeanty v.*

*Hustler*, No. 13-cv-1634-GJH, 2016 WL 234814, at *4 (D. Md. Jan. 19, 2016) (quoting

*Goehring v. United States*, 870 F. Supp. 106, 108 (D. Md. 1994)); *see also Touko v. United*

*States*, No. 20-cv-1113-GJH, 2021 WL 2685328, at *3 (D. Md. June 29, 2021); *Cash v. United*

*States*, No. 12-cv-0563-WDQ, 2012 WL 6201123, at *7 (D. Md. Dec. 11, 2012).

"Actual malice," under Maryland law, is defined as "conduct characterized by evil or

wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud." *Lee v.*

*Cline*, 863 A.2d 297, 311 (Md. 2004) (internal quotation marks and citations omitted). "Malice is

established by proof that the defendant-officer intentionally performed an act without legal

justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *Rich v. United States*, 158 F. Supp. 2d 619, 629 (D. Md. 2001) (internal quotation marks and citations omitted). "[T]he mere assertion that an act 'was done maliciously, or without just cause, or illegally, or with wanton disregard, or recklessly, or for improper motive' is not sufficient." *Manders v. Brown*, 643 A.2d 931, 943 (Md. Ct. Spec. App. 1994) (quoting *Elliott v. Kupferman*, 473 A.2d 960, 969 (Md. Ct. Spec. App. 1984)). Rather, a plaintiff "must allege with some clarity and precision those facts which make the act malicious." *Id.*

Here, Gonzalez does not plead any facts regarding "actual malice." Gonzalez has not alleged that the Marshals acted with malicious will towards him. Instead, he alleges that the vehicle was hit from behind by another driver and that he suffered injuries from the impact and because the Marshals "failed to secure plaintiff in his seat with a seatbelt prior to the accident." ECF No. 30-1 ¶ 13. Under Maryland law, the officers would be entitled to immunity. Gonzalez's claim against the Government cannot be maintained under the FTCA, and this Court must dismiss the claim for lack of subject-matter jurisdiction.

### B. FTCA Exceptions

Plaintiff's claims against the Government must be dismissed for an additional reason. The FTCA's waiver of sovereign immunity is limited by a number of exceptions, including the "due care" exception, *see Welch v. United States*, 409 F.3d 646, 652 (4th Cir. 2005), which is applicable here. Because the "due care" exception applies, the Court must dismiss the claim pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.

A waiver of sovereign immunity does not apply to "any claim based upon an act or omission of an employee of the Government exercising due care, in the execution of a statute or

regulation, whether or not such statute or regulation be valid[.]" 28 U.S.C. § 2680(a). This exception is consistent with the purpose of the FTCA, which "is to create a remedy for certain plaintiffs who have been injured by the tortious execution of a particular law, not provide a venue in which to challenge the validity of that law." *Welch*, 409 F.3d at 653.

Courts apply a two-part test when determining whether the "due care" exception bars a particular claim. *Welch*, 409 F.3d. at 652 (citing *Crumpton v. Stone*, 59 F.3d 1400, 1403 (D.C. Cir. 1995)). First, the Court must "determine whether the statute or regulation in question specifically proscribes a course of action for an officer to follow." *Id.* "Second, if a specific action is mandated," the Court must "inquire as to whether the officer exercised due care in following the dictates of that statute or regulation. If due care was exercised, sovereign immunity has not been waived." *Id.*

The Government claims that the "due care" exception applies because one of two U.S. Marshal Service Policy Directives were applicable to Gonzalez's transport. ECF No. 21-1 at 7; Rufener Decl. ¶ 3.[7] U.S. Marshal Service Policy Directive 9.21(E)(1)(g) ("In-District Prisoner Movements") and the Policy Directive 16.5(F)(1)(c)(2) ("Mode of Transportation Guidelines") both "mandate that, in vehicles used for prisoner transport, rear seat belts be removed or rendered inoperable." Rufener Decl. ¶ 4.[8] The Government argues that the Marshals used "due care" in following the policy mandates that the transport vehicles either lack seatbelts or that the seatbelts be removed or rendered inoperable.

---

[7] In his Affidavit attached to the Government's Motion to Dismiss, David Rufener, Deputy U.S. Marshal, states that, because the U.S. Marshal Service was transporting Gonzalez from Alexandria, Virginia, to Harrisburg, Pennsylvania, the relevant policy is likely Policy Directive 9.21(E)(1)(g). Because they had not reached their destination, Gonzalez was not yet transferred to Justice Prisoner and Alien Transportation System (JPATS) custody, which would instead be bound by Policy Directive 16.5(F)(1)(c)(2). Regardless, both policies mandate identical procedures regarding seatbelts. Rufener Decl. ¶ 7.

[8] The Government provided copies of both policies as Exhibits to the Motion to Dismiss.

Here, both parts of the "due care" test are met. The policy directives "mandated" that the officers transport Gonzalez without securing him in a seatbelt, and the officers took care to follow the commands of that directive. Policy Directive 9.21(E)(1)(g) states that "rear seat belts must be removed or rendered inoperable on all vehicles used for prisoner transport." ECF No. 21-2 at 6; Ex. A. Directive 16.5(F)(1)(c)(2) states that "[i]nside rear door handles and rear seat belts will be removed or rendered inoperable on all motor vehicles used for prisoner transport." ECF No. 21-2 at 39; Ex. B.

While Gonzalez challenges the wisdom behind the policy directives, ECF No. 23 at 5 n.1, his arguments go to the heart of the "due care" exception. As the Fourth Circuit has explained, "it is the purpose of the due care provision to 'bar tests by tort action of the legality of statutes and regulations.'" *Welch*, 409 F.3d at 653 (quoting *Borquez v. United States*, 773 F.2d 1050, 1052 (9th Cir. 1985)).

Because the "due care" exception applies, this Court lacks subject-matter jurisdiction over Gonzalez's claim, and the Motion to Dismiss must be granted on this basis as well.[9]

## IV.    CONCLUSION

For the reasons discussed, Defendant United States' Motion to Dismiss is **GRANTED**. A separate Order follows.


Dated:  September      27, 2021                       /s/_____

GEORGE J. HAZEL
United States District Judge

---

[9] Conversely, because the actions of the Marshals were covered by a policy directive they had no choice but to follow, the discretionary function exception would not apply. *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988) ("[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.").