IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

LARRY GONZALEZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

                             *

                             *

                             *          Case No.: GJH-20-0137

                             *

                             *

                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

In this action, Plaintiff Larry Gonzalez seeks damages, pursuant to the Federal Torts Claims Act ("FTCA"), for injuries he sustained during a car accident involving multiple cars that occurred while he was being transported by the United States Marshal Service ("U.S. Marshals"). Now pending before the Court are several motions including Defendants Tyrone Henderson and J&J Motoring, Inc.'s Motion to Dismiss, ECF No. 51, Plaintiff's Motion for Leave to File Fourth Amended Complaint, ECF No. 52, and Plaintiff's Motion for Leave to File Surreply, ECF No. 61.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendants Tyrone Henderson and J&J Motoring, Inc.'s Motion to Dismiss, ECF No. 51, is granted, Plaintiff's Motion for Leave to File Fourth Amended Complaint, ECF No. 52, is denied, and Plaintiff's Motion for Leave to File Surreply, ECF No. 61, is denied.

---

[1] Also pending before the Court is Plaintiff's Motion for Extension of Time to Move for Default Judgment, ECF No. 37, and Plaintiff's Motion to Dismiss Hobbs Trucking, Inc., ECF No. 45, which the Court now grants. The Court's grant of Plaintiff's Motion to Dismiss Hobbs Trucking, Inc. renders Defendant Hobbs' Motion to Vacate, ECF No. 39, moot.

## I.      BACKGROUND[2]

### A.  Factual Background

On January 21, 2017, the U.S. Marshal Service was transporting Plaintiff between detention facilities on Route 270 near Frederick, Maryland when their vehicle struck a vehicle that was stopped in front of it and was then struck from behind by a car driven by Defendant Tyrone Henderson. ECF No. 52-1 ¶ 9. Plaintiff now contends that Andrew Wong was driving the prison vehicle and that he "was traveling at a speed well in excess of the posted speed limit and … failed to pay full time and attention while driving." *Id.* Likewise, according to Plaintiff, Defendant Henderson also "failed to pay full time and attention while driving." *Id.* Plaintiff alleges that proposed Defendant Wong "was acting within the scope of his employment as an employee of the United States of America" and that Defendant United States of America ("Government" or "United States") is "responsible for the actions of Defendant Henderson on the basis of respondent superior."[3] *Id.* Additionally, Defendant Henderson was acting within the scope of his employment with Defendants Hobbs Trucking, Inc., and J&J Motoring, Inc., at the time of the accident. *Id.* Plaintiff suffered injuries to his neck, back, head, and legs. *Id.* ¶ 13. He also experienced pain and numbness around his body and sought medical treatment for his injuries. *Id*. Plaintiff asserts that his injuries may be permanent. *Id.* He filed an administrative claim pursuant to the Federal Tort Claims Act on or around November 5, 2018. *Id.* ¶ 14.

---

[2] Unless otherwise stated, the background facts are taken from Plaintiff's proposed Fourth Amended Complaint, ECF No. 52-1, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[3] The Court deems Plaintiff's reference to Defendant Henderson here as a typographical error and understands him to be referencing proposed Defendant Wong.

Plaintiff additionally contends that "[d]ue to the fact that [he] was shackled and seated in the back of a prison van, he was not able to discover the names of the drivers involved in the accident at the time it occurred[,]" and that he was not made aware that Defendant Henderson "was driving a vehicle which was at fault in the accident" until July 2, 2020. *Id.* ¶ 10. Likewise, he "was not able to discover" that J&J Motoring, Inc. was Defendant Henderson's employer until counsel for J&J Motoring provided this information on November 11, 2021, and Plaintiff also asserts that he tried to obtain the names of all of the drivers involved in the accident by contacting Defendant United States of America, on three separate occasions, but that they did not respond. *Id.* ¶¶ 10–11.

Finally, Plaintiff alleges that on December 10, 2021, Teresa Richardson, an agent for J&J Motoring, Inc., "stated that Defendant J&J Motoring, Inc., agreed to accept liability for the accident . . . in a telephone call with plaintiff's counsel, James A. Devita," and that Plaintiff relied upon this agreement in consenting to vacate a default judgment against former Defendant Hobbs Trucking, Inc. *Id.* ¶ 12.

## B.  Procedural Background

On January 16, 2020, Plaintiff filed the original Complaint, alleging a negligence claim against the Government pursuant to the FTCA, 28 U.S.C. § 1346(b). ECF No. 1. He asked for $200,000 in compensatory damages plus attorney's fees. *Id.* at 3. On October 15, 2020, with leave from the Court, Plaintiff filed an Amended Complaint. ECF No. 10. The Amended Complaint added additional claims of negligence against Defendant Henderson and Defendant Kate Allison. *Id.* ¶ 6. On January 26, 2021, with leave from the Court, Plaintiff filed a Second Amended Complaint. ECF No. 19. Plaintiff removed Defendant Kate Allison from the case and

added Hobbs Trucking, Inc., as a defendant, alleging that it is responsible for its employee, Defendant Henderson, under a theory of respondeat superior. *Id.* ¶ 18.

On February 10, 2021, the Government filed a Motion to Dismiss Plaintiff's FTCA claim for lack of subject-matter jurisdiction. ECF No. 21. On May 2, 2021, Plaintiff filed a Motion for Entry of Default against Defendants Henderson and Hobbs Trucking, Inc., ECF No. 29. On August 10, 2021, Plaintiff asked this Court for leave to file a Third Amended Complaint to add J&J Motoring, Inc. as a Defendant also liable for Defendant Henderson's negligence under a theory of respondeat superior. ECF No. 30-1 ¶ 19. On September 27, 2021, the Court granted Plaintiff's Motion for Leave to File a Third Amended Complaint but granted Defendant United States' Motion to Dismiss on the basis that (1) because Plaintiff failed to plead any facts regarding "actual malice," Defendant United States' officers were entitled to immunity, ECF No. 35 at 6,[4] and (2) Plaintiff's claims were barred by the "due care" exception to the FTCA's waiver of sovereign immunity, *id.*; ECF No. 36.

On October 15, 2021, Defendant Hobbs Trucking, Inc. filed a Motion to Vacate, ECF No. 39, and on December 21, 2021, Plaintiff filed a Motion to Dismiss Defendant Hobbs Trucking, Inc., based on a stipulation that J&J Motoring, Inc. is the corporate entity who employed Defendant Henderson on the relevant date, ECF No. 45, which the Court grants. On December 15, 2021, Defendant Henderson filed a Consent Motion to Set Aside Default Judgment, ECF No. 44, and on February 9, 2022, this Court granted Defendant Henderson's Motion to Set Aside the Default, ECF No. 50.

On February 25, 2022, Defendants Henderson and J&J Motoring, Inc. filed the now pending Motion to Dismiss, ECF No. 51. On March 3, 2022, Plaintiff filed the additionally

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

pending Motion for Leave to File Fourth Amended Complaint, ECF No. 52, identifying and seeking to add Andrew Wong as an additional defendant, along with a new theory that proposed Defendant Wong was speeding at the time of the accident and that he failed to pay attention while driving. *Id.* ¶ 9. Plaintiff also seeks to add new factual allegations regarding his efforts to identify the drivers involved in the accident and an alleged conversation with a representative from Defendant J&J Motoring, Inc. regarding an acceptance of liability. *Id.* ¶¶ 10–12.

On March 3, 2022, Plaintiff opposed Defendants' Motion to Dismiss, ECF No. 53, and on March 15, 2022, Defendants Henderson and J&J Motoring, Inc. opposed Plaintiff's Motion for Leave to Amend, ECF No. 56. On March 18, 2022, Defendants Henderson and J&J Motoring, Inc. replied to the Motion to Dismiss, ECF No. 57, and on March 21, 2022, Plaintiff filed the additionally pending Motion for Leave to File Surreply, ECF No. 61, which Defendants Henderson and J&J Motoring, Inc. opposed on March 23, 2022, ECF No. 64. On March 21, 2022, Plaintiff replied to its Motion for Leave to Amend, ECF No. 62, and filed a corrected Motion for Leave to File Surreply, ECF No. 63. Then, on May 2, 2022, previously dismissed Defendant United States of America opposed Plaintiff's Motion for Leave to File Fourth Amended Complaint, ECF No. 65.

## II.    STANDARD OF REVIEW

At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires," *id.*, "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (internal quotations and citations removed). A motion for leave to amend should

be denied when the amendment would be futile. *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 267 (4th Cir. 2016). An amendment to a complaint is futile when the amended complaint could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint[,]" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any

6

reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.    DISCUSSION

Previously dismissed Defendant United States, and Defendants Henderson and J&J Motoring, each argue that Plaintiff's Motion for Leave to Amend is futile and that their respective Motions to Dismiss should be granted. Specifically, Defendant United States argues that leave to amend must be denied because (1) only the United States, and not the individual Government employee Plaintiff seeks to add as a Defendant, is properly subject to suit under the FTCA, (2) this Court has already ruled that the Government is entitled to public official immunity due to Plaintiff's failure to allege "actual malice," and under the "due care" exception, and (3) Plaintiff has not alleged that he properly exhausted administrative remedies for his new theory that proposed Defendant Wong was driving beyond the speed limit before the crash. ECF No. 65 at 4–5. Defendants Henderson and J&J Motoring argue that Plaintiff's proposed amendments are futile because Plaintiff's new allegations regarding his difficulties identifying the involved drivers, along with the allegation that liability was accepted on behalf of Defendant J&J Motoring, Inc., "all have absolutely no relation to the motor tort incident leading to the suit." ECF No. 56 at 7–8.

Plaintiff's proposed amendments regarding alleged Government employee Andrew Wong are futile because the United States, and not an individual employee, is the "only proper Defendant for claims under the FTCA." *Alfa v. United States*, No. 14-cv-1773-PJM, 2015 WL 501969, at *1 (D. Md. Feb. 3, 2015) (citing *Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965)). And to the extent the United States could be substituted for Wong as a Defendant, as the Court ruled in its previous Memorandum Opinion, the Government is entitled to public official

immunity because Plaintiff failed to allege "actual malice" by the Marshals involved in the accident. ECF No. 35 at 6. Neither Plaintiff's subsequent identification of Wong as the alleged individual driving the transport vehicle, nor his contention that he was driving beyond the speed limit supports a finding of "actual malice." Thus, "[u]nder Maryland Law, [Wong] would be entitled to immunity" and an FTCA claim against the Government cannot be maintained. *See* ECF No. 35 at 6.

For the forgoing reasons, Plaintiff's proposed amendments as to previously dismissed Defendant United States and proposed Defendant Andrew Wong are futile. Plaintiff's Motion for Leave to Amend as to these allegations will be denied.

The proposed amendments relating to Defendants Henderson and J&J Motoring, Inc. are also futile and do not prevent dismissal of the pending claims. Defendants argue that the Court should dismiss this suit based on the applicable statute of limitation. ECF No. 51 at 5. As a federal court exercising diversity jurisdiction, this Court must apply the law of the forum state.[5] In Maryland, negligence claims "are subject to the statute of limitations articulated in Section 5–101 of the Courts and Judicial Proceedings Article of the Maryland Code which requires that a claim must be filed within three years from the date the action accrues." *Lynch v. AHC Mgmt., LLC*, No. 20-cv-2111-GJH, 2020 WL 7351840, at *3 (D. Md. Dec. 14, 2020) (quoting *Litz v. Md. Dep't of Env't*, 434 Md. 623, 640 (2013)). Moreover, in Maryland, a cause of action accrues "when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636 (1981). The automobile accident occurred on January 21, 2017. ECF No. 52-1 ¶ 9. Thus, Plaintiff's negligence claims accrued on that date as Plaintiff knew or should

[5] Plaintiff's asserted basis for jurisdiction over Defendants Henderson and J&J Motoring is diversity jurisdiction, ECF No. 52-1 ¶ 6, which Defendants do not challenge.

have known of the wrong, the automobile accident, on that date, and any civil action should have been brought within three years of January 21, 2017.

Plaintiff filed his original Complaint, on January 16, 2020, ECF No. 1, in which he named a sole defendant: the United States of America. Plaintiff did not amend his Complaint to add Defendant Henderson, an entirely new party defendant, until October 15, 2020, *see* ECF No. 10, or three years and eight months after the accident, and he did not add Defendant J&J Motoring, Inc., an additional party defendant, until August 10, 2021, ECF No. 30-1, or four years and six months after.[6] The question before the Court, therefore, is whether the addition of these two new defendants would relate back to the initial filing of Plaintiff's Complaint. *See* Fed. R. Civ. P. 15(c).

"Because this is a diversity case, and Maryland law applies, plaintiff's new claims may relate back if Maryland's statute of limitations so allows. But, under Maryland law, '[a] plaintiff is not permitted to add a new defendant to a case after the limitations period has expired except to correct the name of a defendant.'" *White v. Date Trucking, LLC*, No. 17-cv-1177-ELH, 2018 WL 999963, at *2 (D. Md. Feb. 21, 2018) (quoting *Hansberger v. Smith*, 229 Md. App. 1, 23, 142 A.3d 679, 692, *cert. denied*, 450 Md. 430, 149 A.3d 552 (2016) (citations omitted)). Here, Plaintiff seeks not to correct a name, but, rather, to add two entirely new parties: Defendant Henderson and Defendant J&J Motoring, Inc. Federal Rule of Civil Procedure 15(c)(1)(A), however, does not allow such an amendment. Thus, these claims are time-barred. *See White*, 2018 WL 999963 at *2; *Booker v. Nat'l Fallen Firefighters Found.*, No. 19-cv-3158-CCB, 2021

---

[6] Plaintiff argues that Defendants are estopped from denying liability because an agent for J&J Motoring, Inc. allegedly agreed to accept liability on its behalf and Plaintiff relied on that admission in agreeing to a motion to vacate default entered against Defendant Hobbs. ECF No. 53 at 4; ECF No. 51-2 ¶ 12. First, this alleged admission in no way alters the fact that Plaintiff first asserted a claim against Defendant J&J Motoring, Inc. after the statute of limitations had expired. Second, to the extent the admission motivated Plaintiff's willingness to vacate the entry of default against Defendant Hobbs, Plaintiff's first claim against Hobbs was also filed after the expiration of the statute of limitations, which would have provided a basis to vacate entry of default without Plaintiff's concession.

WL 511218, at *2 n.4 (D. Md. Feb. 11, 2021); *see also Jones v. Salisbury City Police Dep't*, No. 18-cv-3550-RDB, 2019 WL 6253247, at *3 (D. Md. Nov. 22, 2019) (finding that complaint against individually named defendants was time-barred because "[u]nder Maryland law, an amendment naming an entirely new party does not relate back to the time of filing of the original complaint for purposes of a statute of limitations defense." (citing *Talbott v. Gegenheimer*, 205 A.2d 285, 286 (Md. 1964))).

In response, Plaintiff argues that the Complaint is not barred by the statute of limitations because of the discovery rule and judicial and equitable tolling. ECF No. 53 at 5–8. Plaintiff's arguments are unavailing.

First, even considering the allegations in the proposed Fourth Amended Complaint, Plaintiff's argument claiming that he only recently discovered the names of the defendants fails because "[u]nder the discovery rule, limitations begin to run when a claimant gains knowledge sufficient to put him or her on inquiry." *Green v. Pro Football, Inc.*, 31 F. Supp. 3d 714, 722 (D. Md. 2014) (citing *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 749 A.2d 796, 801 (2000)). "Being on inquiry notice 'means having knowledge of circumstances which would cause a reasonable person in the position of the plaintiffs to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged [cause of action].'" *Id.* (quoting *Anne Arundel Cnty. v. Halle Dev., Inc.*, 408 Md. 539, 971 A.2d 214, 228 (2009) (citing *O'Hara v. Kovens*, 305 Md. 280, 503 A.2d 1313, 1323–24 (1986))). An individual in an automobile accident, like Plaintiff, would clearly have actual knowledge to put him on inquiry from the time of the collision. *See Lutheran Hosp. of Maryland v. Levy*, 482 A.2d 23, 28 (Md. Ct. Spec. App. 1984) ("the discovery rule serves the legislative policy that underlies the statute of limitations . . . and at the same time puts the discovery rule claimant on a par with the

claimant who has actual knowledge at the time of the tort such as the normal automobile-accident plaintiff."). And "the mere fact that Plaintiff[] did not know the identities of the [defendants] is not enough to toll the statute of limitations unless Plaintiff[] can show that the [defendants] fraudulently concealed their identities." *Stand Energy Corp. v. Columbia Gas Transmission Corp.*, No. CIV.A. 2:04-0867, 2005 WL 1862419, at *4 (S.D.W. Va. Aug. 4, 2005). Further, even if Plaintiff chose to file suit against unnamed, "John Doe" defendants, in lieu of the specific drivers involved in the accident, this still would not have tolled the statute of limitations. *See Touko v. United States*, No. 20-cv-1113GJH, 2021 WL 2685328, at *4 (D. Md. June 29, 2021) ("[N]aming defendants as 'John Does' does not toll the limitations period under Maryland or federal law.").

Here, the accident occurred on January 21, 2017, ECF No. 52-1 ¶ 9. Plaintiff amended his Complaint to add Defendant Henderson on October 15, 2020, *see* ECF No. 10, or eight months past the three-year statute of limitation, and he did not add Defendant J&J Motoring, Inc. until August 10, 2021, ECF No. 30-1, or one year and six months past the statute of limitation. Plaintiff cannot now use the discovery rule to extend the date of accrual of his claim to when he "discovered" the names of Defendant Henderson and J&J Motoring Inc., in order to avoid the expiration of the statute of limitations when he possessed sufficient knowledge of the cause of action the day the automobile accident occurred.

Plaintiff's arguments regarding equitable and judicial tolling are likewise unpersuasive. Under federal tolling principles, "[p]laintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Ott v. Maryland Dep't of Pub. Safety & Corr.*

*Servs.*, 909 F.3d 655, 660–61 (4th Cir. 2018) ("The discretionary equitable tolling doctrine applies when (1) a defendant wrongfully prevents a plaintiff from asserting her claims, or (2) extraordinary circumstances beyond the plaintiff's control prevent her from filing on time."). "[E]quitable tolling is reserved for 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

"In applying the state statute of limitations, the court must also apply state principles of tolling to that limitation period." *Shofer v. Hack Co.*, 970 F.2d 1316, 1320 (4th Cir. 1992). "The rule in Maryland concerning equitable tolling of statutes of limitations 'can be fairly termed one of strict construction.'" *Id.* (quoting *Walko Corp. v. Burger Chef Systems, Inc.*, 281 Md. 207, 210 (1977)). "[W]here the Legislature has not made an exception in express words in the Statute of Limitations, the Court cannot allow any implied and equitable exception to be engrafted upon the statute merely on the ground that such exception would be within the spirit or reason of the statute." *Walko*, 281 Md. at 211 (quoting *McMahan v. Dorchester Fertilizer Co.*, 184 Md. 155, 160 (1944)); *see also Pasco v. Protus IP Sols., Inc.*, 826 F. Supp. 2d 825, 842–43 (D. Md. 2011) ("Under Maryland law, 'statutes of limitations . . .  are to be strictly construed; implied and equitable exceptions are frowned upon.'") (quoting *Miller v. Pacific Shore Funding*, 224 F. Supp. 2d 977, 986 (D. Md. 2002)); *Murphy v. Merzbacher*, 346 Md. 525, 533 (1997) (discussing Maryland's "historically strict stance on statutes of limitations").

Whether analyzed under federal or state tolling principles, neither Plaintiff's purported challenges with "discover[ing] the relevant facts necessary to make a claim against [D]efendants Henderson and J&J Motoring, Inc.," nor the fact that Plaintiff was a restrained prisoner "with no

ability to observe the accident or to determine the identity of the drivers involved," are valid justifications for the delay in filing. Even if the Court accepts that Plaintiff's efforts to obtain this information were diligent, *see Raplee*, 842 F.3d at 333, such efforts alone are insufficient to warrant application of the doctrine of equitable tolling; Plaintiff must have been unable to file on time due either to Defendants' obstruction or extraordinary external circumstances. *See Ott*, 909 F.3d at 660–61. That Plaintiff was a handcuffed prisoner in the transport van at the time the accident occurred is not an "extraordinary circumstance," as Plaintiff contends, *see* ECF No. 53 at 7, that would have prevented him from filing within Maryland's three-year statute of limitation. And further, the argument that the Government, the "only entity" Plaintiff claims had Defendants' identifying information, did not respond to Plaintiff's minimum of three requests for information during the three-year limitations period, *see id.*, cannot be construed as a "circumstance[] external to the party's own conduct" causing a "gross injustice," *see Harris*, 209 F.3d at 330, such that equitable tolling is justified.

Plaintiff's arguments regarding judicial tolling suffer the same fate. "Judicial tolling is appropriate when '(1) there is persuasive authority or persuasive policy considerations supporting the recognition of the tolling exception, and, (2) recognizing the tolling exception is consistent with the generally recognized purposes for the enactment of statutes of limitations.'" *Theune v. U.S. Bank, N.A.*, No. 13-cv-1015- MJG, 2014 WL 3829190, at *5 (D. Md. Aug. 1, 2014) (quoting *Shailendra Kumar, P.A. v. Dhanda*, 43 A.3d 1029, 1039 (Md. 2012)). Plaintiff makes no argument grounded in either a persuasive authority or policy consideration. Rather, he repeats the same sentiments regarding his counsel's difficulties in "discovering information about the specific circumstances of the auto accident and the names of all of the parties involved," *see* ECF No. 53 at 6. Further, Plaintiff provides no support for his contention that

"basic fairness would require that this Court find that the applicable statute of limitations is tolled until Plaintiff [discovered] the names of the other drivers involved in the accident." *Id.* at 7.

To be sure, "[s]tatutes of limitations are designed primarily to assure fairness to defendants on the theory that claims, asserted after evidence is gone, memories have faded, and witnesses disappeared, are so stale as to be unjust." *Bertonazzi v. Hillman*, 241 Md. 361, 367 (1966). The Maryland Court of Appeals has previously held that the second component of judicial tolling was satisfied and tolling "would not contravene the general purpose of the statute of limitations" where the defendant "had notice of [plaintiff's] claim and the specific allegations within three years of the injury," because the claim against the defendant had been filed within three years but in the wrong forum. *Swam v. Upper Chesapeake Med. Ctr., Inc.*, 397 Md. 528, 544, 919 A.2d 33, 42 (2007). The same is not true here. Plaintiff's claim against Defendant Henderson was added, for the first time, eight months past the statute of limitation and his claim against J&J Motoring, Inc. was added a year-and-a-half past the statute of limitation, therefore they did not have notice before that time. Accordingly, judicial tolling is not appropriate.

At bottom, none of Plaintiff's arguments support the tolling of the statute of limitations beyond January 21, 2017. *See Knickman v. Prince George's Cty.*, 187 F. Supp. 2d 559, 563-64 (D. Md. 2002) (granting defendant's Rule 12(b)(6) motion to dismiss because plaintiff's claims were barred by the applicable statute of limitations). Therefore, the Court finds that the statute of limitations had run when Plaintiff filed his claims against Defendants Henderson and J&J Motoring, Inc., and his Complaint must be dismissed.[7]

---

[7] Plaintiff's Motion for Leave to File Surreply, ECF No. 61, will be denied because it does not address arguments that could not have been anticipated and addressed previously. Additionally, even if the arguments in the Surreply were considered, the Court's ruling would not be impacted.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants Tyrone Henderson and J&J Motoring, Inc.'s

Motion to Dismiss, ECF No. 51, is granted, Plaintiff's Motion for Leave to File Fourth Amended

Complaint, ECF No. 52, is denied, and Plaintiff's Motion for Leave to File Surreply, ECF No.

61, is denied. A separate Order shall issue.


Date: <u>July 13, 2022</u>                                          <u>    /s/                                        </u>
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge